826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harley G. DAVIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3207.
 United States Court of Appeals, Federal Circuit.
 July 10, 1987.
 
 Before DAVIS, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), Docket No. CH08318610547, upholding the Office of Personnel Management's (OPM's) second reconsideration decision rejecting petitioner's request for an increased civil service annuity, are affirmed.
 
 OPINION
 
 2
 In January 1986 petitioner appealed to the MSPB from a reconsideration decision of the OPM refusing to increase his civil service annuity payments. After a hearing, the Board's presiding official (in a decision dated April 25, 1986) reversed on the ground that OPM's then decision failed to support in necessary detail its reduction of petitioner's military service credit and other factors in the calculation. OPM was directed "to issue a new reconsideration decision which specifically addresses [petitioner's] allegation that his gross monthly annuity should be in excess of $1,007.00 based on his total years of service both on active duty in the United States Army and as a civilian employee of the United States Postal Service from April 1961 through November 1, 1984." Additional instruction was also given by the presiding official to OPM. OPM then furnished a second reconsideration decision (in compliance with the presiding official's directive) which reached the same result as its earlier decision.
 
 
 3
 Petitioner again appealed to the MSPB, waiving his request for a further hearing. Petitioner did not challenge the contents or calculations of the second reconsideration decision but contented himself with arguing that that reconsideration decision merely constituted an untimely petition for review by the full Board of the presiding official's original decision. The same presiding official decided (in a ruling dated August 27, 1986) that (a) the second OPM reconsideration decision was not an appeal to the full Board, and (b) that reconsideration decision "provides all of the information necessary to comply with the requirements of the April 25, 1986 Initial Decision." Petitioner not having produced any testimony or evidence to show any error or inaccuracy in OPM's second reconsideration decision, the presiding official affirmed that decision. This appeal followed.
 
 
 4
 We cannot upset the MSPB's final determination. The Board correctly found that (1) the OPM's second reconsideration decision complied with the presiding official's specific directive and was not an attempt to petition the full Board, and (2) petitioner did not provide any evidence to challenge OPM's conclusion.